May it please the court. Good morning, my name is Holger Sonntag here representing the state of Washington. The court should overturn the district court's order for two reasons. First, 2254E2 bars an evidentiary hearing because Ms. Mothershead failed to develop the factual basis of her Strickland claim. And second, 2254D also bars the hearing because the state court adjudicated the claim on the merits. So why does 2254E2 apply? Simply because the district court found that Ms. Mothershead failed to develop the record in the state court. Those were the words essentially used by the district court's order adopting the report and recommendation before the Shin decision was issued. So if the state court applied the bar, the insufficient briefing rule, it goes without saying that if that was lawfully applied under Washington law, that that means that the petitioner failed to develop the record. And that is precisely what both the magistrate judge and the district court found. And rightly so, if you believe that failure to state a prima facie case is in fact a procedural bar as the district court does, then the state court applied that bar simply because Ms. Mothershead, both pro se and as represented by counsel, failed to do the bare minimum to get over that threshold to even raise controversial issues of fact that were to be resolved at an evidentiary hearing in state court. I don't want to jump ahead, but I do want to ask one question of sequencing. If we were to determine that the state court made its determination on the merits, I assume we wouldn't need to reach the 2254E factual development, is that correct? That is correct, Your Honor. Okay, I just wanted to clarify that, but I don't want to interrupt the flow of your argument, but it seemed to me that could be a potential bar outright. Absolutely, and that's what the state has argued consistently in the district court. But because the district court did find a procedural bar, started with that argument, just to show that, okay, even accepting that there was a procedural bar because counsel simply dropped the ball on Ms. Mothershead when counsel simply refiled what Ms. Mothershead already submitted to the state court, that cannot get her outside of the scope of 2254E2. That is simply a failure to develop the record because unlike in some cases, I suppose, for example, in certain Brady cases where the petitioner has no knowledge of what evidence precisely the state had or hid or didn't disclose, here in this case it was very clear that Ms. Mothershead knew the expert because trial counsel obviously had already consulted with him before trial, and she could have simply written a letter to him asking him, hey, can you get a more definite statement of your ultimate conclusions for me because then I can submit that in my current proceeding. And it's clear also from the record that she didn't do that for one thing, but it's also clear that she did communicate with trial counsel and was able to submit a fairly detailed declaration from trial counsel. So she knew that the expert existed, she knew the expert's name, she didn't have to do any research on that point, but she didn't submit anything more definitive so that the state court could determine, okay, this is the expert's ultimate conclusion, this is what he would have testified to, and we can then compare that to what evidence the state had already presented, the 15 expert witnesses and other testimony, and then we can then decide, okay, is an evidentiary hearing needed? Because evidentiary hearings, as this court recognized in the Baha decision under Washington law, do not exist to develop the record, to find new evidence, they're simply there under the Rice decision to determine how to reconcile material disputes in the factual record. But of course, to get to that threshold, to that base, you first have to submit admissible evidence about your witness's ultimate testimony. This is an interlocutory appeal. Correct. What would happen if we decided not to take it? Then it would go back to the district court, the district court would hold the evidentiary hearing, and then depending on how that is resolved, the remaining, the one remaining Strickland claim is resolved. Either the petition as a whole would have been denied, or it would be granted on that point, and then obviously, a direct appeal would follow. Counsel, I have a slightly different question that harkens back to what Judge McEwen asked you. If we were to rule that the Intermediate Court of Appeals on the Washington Supreme Court decided the case on the merits, at least as one alternative, or the first alternative, would we reverse for the district court to examine the merits on the existing record, or would we do that? What would be the tagline? Yeah, you would remand it to the district court to examine the Strickland claim, the remaining Strickland claim on the basis of the record. And so let me just explain why we think that there was a merits adjudication. So the district court, I think, was correct in determining that the state court of appeals proceeded in a two-step proceeding. So first, the state court said, okay, so you failed to make a prima facie case, and then the state court weighed Dr. Ploys' testimony, assuming that that was his ultimate conclusion, what was presented as the initial conclusion, and then weighed that against the state court record, basically, so the 15 expert witnesses, and said, no, there is no reasonable likelihood that a juror would have changed their mind, and so, in other words, you cannot demonstrate prejudice under Strickland. But where the district court went wrong is to conclude that the prima facie determination was a procedural bar, both under the law of this circuit, the Ochoa case is the most recent case that we were able to find, but also under Washington state law, a prima facie determination is a determination on the merits. If you look to the Rice decision, that was much debated in our briefs, and relied on by the district court, the court in Rice ultimately concludes that the person had not, so the petitioner, Rice, had not made a prima facie case of all the many claims that he had raised, and also, therefore, denied an evidentiary hearing, but the court takes pages and pages to discuss the merits of the claim before concluding, no, you failed to raise a prima facie case. So, just like in this court, a prima facie determination is a merits determination, is not a procedural bar. And I, in addition to the case- I'd like to ask about, just kind of jumping ahead and having looked at her briefs, in the state Supreme Court, they say, well, the Court of Appeals found prejudice, and then they lay out the two reasons. The first reason being not showing what the doctor's ultimate opinion would have been. Under the rubric in Washington, is that code language for procedural bar? No, I would say it's not, because as, for example, in the Jackson case from the Supreme Court, it's basically a sufficiency of the evidence determination, and that is always measured against the substantive law. It's not simply a procedural bar, like, for example, a time bar, where the federal law does not matter. But even if it was a procedural aspect to that, we would say it was so interwoven with the federal law, i.e. Strickland, that it was not an independent and adequate state bar under Coleman, which is required. And Coleman- have then, the Washington Supreme Court is simply paraphrasing what it thinks the Court of Appeals did. In your view, does the Washington Supreme Court ultimately rest its opinion on a no prejudice merits determination, and what part of the very short Supreme Court decision would you point to for that? I would point to, first of all, the Supreme Court doesn't use the language of procedural bars. Secondly, I would point to the Cray's decision that the Supreme Court cited, and the Cray's decision concluded that in Washington, in order to prevail on a personal restraint petition, so a post-conviction relief petition, you have to show, if you allege a constitutional violation, you have to show actual prejudice. And- Well, the whole first issue that they deal with, it seems to me, to ER 95 and 96, is the first issue is whether the Court of Appeals in rejecting the IAC claim used the wrong standard of prejudice. That's merits talk, it seems to me. Absolutely. And in the Cray's decision that they cite there at the end of that discussion, that's where the Supreme Court clarifies that if you establish a Strickland claim, so deficient performance and prejudice, you have met the actual prejudice standard in Washington. But the court in Cray's also clarified that that's not a new insight of the Cray's decision. That is simply summarizing the earlier case law. And I would say the Rice case perfectly fits into that mold. Because there again, after discussing the merits of Mr. Rice's Strickland claim at length, the court concludes by saying, sorry, you haven't met your prima facie burden of showing actual prejudice, and therefore you are also not entitled to an evidentiary hearing. Even though he had submitted additional evidence, in addition to, I suppose, what was before the trial court. So that's why we are saying, and I want to point out to the court, important decision from the Washington Supreme Court, 1990 decision matter of Cook. That's at 792 Pacific Revoir, second 506. It's cited in the Rice decision, and relied on by the Rice decision. But there on page 510, the court specifically says, a prima facie prejudice determination necessarily requires an examination of the merits of the petition. And the court goes on to explain in the context that prior to the early 1980s, the court had applied a pretty rough procedural bar standard for people who wanted to raise post-conviction relief. But the court said that was too imprecise a tool, and therefore we change now to this actual prejudice standard. And as stated in the Cook case, the court says that requires necessarily a merits determination. And so therefore, when the court of appeals here in Ms. Mothershead's case says, you have failed to meet your prima facie burden because you do not tell us what your expert witness is ultimately going to tell us, that was a merits determination of the first step in the merits determination of the Strickland claim. And so therefore, I would ask that the court either find that Ms. Mothershead failed to establish a state court record under E-2, or that there was actually a merits determination, which would then allow the court not to get into the who was diligent and who was not, but simply resolve it. And then on that basis, remand it to the district court for merits determination based on the state court record. So if I may, I reserve my last two minutes here. Thank you very much. Thank you. Ms. Zink. Good morning, your honors. May it please the court, I'm Marla Zink, and I represent the petitioner appellee, Jennifer Mothershed. The court should deny Wofford's appeal and affirm the district court here. I want to begin by addressing the procedural bar that was applied in state court. And then I'd like to discuss that Shin versus Ramirez reaffirmed the Williams standard for diligence and apply the diligence from that case to the facts of this case. But counsel, why isn't there a decision on the merits in the state court? You didn't list that as an issue to be discussed, but to me, it seems like the pivotal issue. Yes, so that's why I want to start with the state procedural bar. So what the state courts did in this case, we look at the Supreme Court's decision as the last reason decision, but it adopts the Court of Appeals decision. So we can look through to the Court of Appeals decision as well. They both- Right, but they both, it seems to me, decided the case on the merits, not merely on the basis of a procedural bar. So any alternative ruling in the merits is under Harris versus Reed, under Johnson versus Tewalt, an extensive authority from this court does not alter the fact that a procedural bar was applied. So in other words, the procedural bar application trumps, even if there's an alternative merits ruling. Harris versus Reed was decided by the U.S. Supreme Court in 1989, that's been applied consistently since. Wofford has no case that says otherwise. Ochoa is a merits determination ruling. It's not a case that discusses the alternative, or grapples with whether there was an alternative ruling of state procedural bar versus merits ruling. And here we know from the record that the court did apply the state procedural bar. They said they did not know what the evidence was because they claimed that Mothershed had not presented it. Therefore, they could not decide a sufficiency of the evidence as Wofford has claimed. That's not what was before the court. Wofford throws around the term prima facie case, but prima facie means different things in different contexts. And in this context, as Wofford's office herself has argued in other cases, including Corbray, where it convinced this court that Rice is a state procedural bar that's independent and adequate. Rice is indeed a state procedural bar that's independent and adequate. In order to agree with Wofford here, this court would need to both disagree with Harris versus Reed from the Supreme Court and its own cases, applying the alternative merits ruling as a dispositive and disagree with Corbray versus Miller-Stout, which was a 2012 case from this circuit and has not been disagreed with in the last 11 years. District courts- Council, why doesn't Shin bar a new evidentiary hearing? That also is a case that we have to follow. Correct, agreed. Wofford's reading of Shin versus Ramirez is both overbroad and unsupported. Shin explicitly reaffirmed the diligence or lack of fault standard from Michael Williams versus Taylor. And that standard is if there's no fault in failing to develop the record in state court, then a petitioner is not subject to the stringent provisions of subsections E2. What do you make of the statement in the opinion that says, we now hold that under 2254 E2, a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state court record based on ineffective assistance of state post-conviction counsel. That is not exactly your situation. Correct. How do we apply that going backwards when the reasoning of the court was that you're kind of bound by the negligence of your own lawyer? So let me break that into two parts, if I may, your honor. Here, any evidentiary hearing would not be based on ineffective assistance of post-conviction counsel. It would be based on the record of diligence. So cause and prejudice under Martinez can be based on ineffective assistance of post-conviction counsel, but the evidentiary hearing to the extent that it regards excusal of the procedural bar, that would be applying and examining the Michael Williams standard that's readopted in or reaffirmed in Shin versus Ramirez. So the holding quote that your honor just read is not a problem at all here, because again, it would not be based on ineffective assistance of post-conviction counsel with regard to diligence. Now in Shin, there of course was no diligence. The petitioners conceded that because the claim wasn't even raised in state court. There was no record in state court and therefore there was no diligence. So under Williams, that's a failure to develop the record and under Shin, that's a failure to develop the record, even if there's a Martinez post-conviction representation in effective assistance of counsel claim. Here we have a very different record. So diligence for Michael Williams, again, as reaffirmed in Shin and as has been applied by this court for decades, means reasonable efforts in light of the circumstances. It's not whether everything that could have been developed was developed in state court and it's not whether those efforts were successful. Here we have a pro se, indigent, incarcerated petitioner, Ms. Mothershed, who presented admissible evidence in the form of a thorough affidavit from her trial counsel, presented a signed letter and memo from the expert, argued trial counsel ineffective assistance of counsel under the Sixth Amendment, presenting the state court with the operative facts and the legal theory for it to decide the claim and Mothershed requested discovery, an evidentiary hearing and appointment of counsel. Post-conviction counsel then continued that same level of diligence at a minimum. Post-conviction counsel also presented the operative facts and the legal theory doing extensive case analysis for the state courts. Post-conviction counsel showed prejudice with citation to the record. Post-conviction counsel. I kind of have to stop there because it seems to me that what's missing is what's missing from the record. They never had, they didn't develop any of this evidence and there was opportunity to develop this evidence. So whether you look at Declaration One or Declaration Two, of Dr. Palouse, you don't get there in terms of prejudice, it seems to me. So I'm kind of back to Shin and Martinez and Ramirez. What are we missing here when even today and in the district court, all we have is Declaration Number Two? I'm not sure I understand Your Honor's question. Procedurally, I don't see how that permits you to overcome the bar and go to an evidentiary hearing. Sure, so both Williams and numerous decisions from this court affirm that the record here is sufficient for diligence in order to have an evidentiary hearing. So in Williams itself, the court said, you don't look at everything that could have been developed or that is eventually developed in federal court and you don't look at whether the efforts of counsel were successful, you look at reasonable efforts. In that case, the- What were the reasonable efforts? Right, so in- Is the second affidavit the reasonable effort? No, the second affidavit was presented in federal court. The reasonable efforts were the trial counsel affidavit, the opinions letters from the expert, which indicate that he evaluated the data and came to a conclusion that state's evidence does not support its case. It's the argument presenting the operative facts and the legal theory to the state Supreme Court, to the state courts. It's asking for an evidentiary hearing repeatedly. And I would point the court to, again, in Williams, there was unrepresented evidence of juror bias that was publicly available. And the Supreme Court said that the counsel in that case still showed diligence. In West- What are the parameters of what can come into that hearing? Yes, the district court has held that the hearing would be both on cause and prejudice under Martinez. So ineffective assistance of post-conviction counsel in order to test the affidavits that were submitted to support that. And then also diligence. So to determine whether there were reasonable efforts and whether there was a substantial ineffective assistance of counsel claim under Strickland. And so testing that claim for the trial counsel claim. Counsel, I have another question about the statute itself, 2254, looking at, so bad at these, D2B, which says that if there's a failure to develop the factual basis in state court, not only do you have to have the due diligence, and, but also the facts underlying the claim, it says would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. And to me, that's so in tension with the standard for ineffective assistance of counsel, which doesn't require you to prove that you, that nobody would have found you guilty. It only requires that there be a chance of that, a good chance of that. So what do we make of this? And how do we apply that? Right, so subsection E2 does not apply here if there's a finding of diligence or a lack of fault. And post ineffective assistance of counsel and lack of fault are two different standards. And the court reaffirmed that in Shin, because it reaffirms Michael Williams, which applies the diligence standard. And it reaffirms Martinez, which applies an IAC cause and prejudice standard. The two merge there because of the record in that court. So cause under Martinez couldn't automatically be diligence or lack of fault under E2. Here we have a very different record. We're not making that argument at all. No one could make that argument. It's not what's before the court. There's a record of diligence. So we also know that E2 standards are different from the standard for cause and prejudice because one is a judge or judicial made rule and the other is a statute. One is based on state law. So the development of the record is judged in relation to state law, whereas the cause and prejudice standard is judged under federal law. So those are different standards. And we contend that as the district court found, Mothershed was not at fault for failing to develop the record because she and her counsel diligently developed the record. And therefore she satisfies the opening clause of E2 and is not subject to the stringent provisions of E2. If we were to, in the exercise of our discretion, decline to hear this interlocutory appeal, would the district court be proceeding from the presumption or holding that there was procedural bar and not a determination on the merits in state court? I think that's correct, Your Honor, but there would be an opportunity, as Wofford's counsel said, there would be an opportunity for challenging that on appeal following final determination. So the court could certainly remand without rejecting jurisdiction in this case, as we've argued, and proceed to see how the case turns out on its merits and subject to appeal after final judgment as is the normal course here. Why then, if you do look at the Supreme Court decision, they lay out the standard, which is generally a merits determination, they say what the Court of Appeals did and they say one and two, but ultimately they say that she failed to show there's a reasonable probability that the doctor's testimony would have altered the outcome. Why is that not a merits determination by the Washington State Supreme Court? I think you can be fairly right as an alternative merits determination, but again, under the Supreme Court and this court's precedent, an alternative determination on the merits doesn't trump the application of the procedural bar for purposes of federal habeas review. And I just like to, in case the court is worried at all that there's that Shin directs that post-conviction counsel's efforts here, or in any case, somehow negate a pro se petitioner's diligence, I would first say that the record doesn't support that here, but second say that the case law doesn't support that here or in general. So in Rose versus Hedgepeth, this court had a post-Shin decision where it affirmed its pre-Shin finding of diligence from a prior panel. And there it was found that the pro se petitioner wasn't at fault where they requested new counsel and an evidentiary hearing were subsequently represented by counsel in state court who did nothing and then came to federal court and they were allowed to have the evidentiary hearing in Rose. The third circuit likewise in Rivera versus superintendent similarly said that a pro se's diligence is sufficient under E2 to show lack of fault and we will have an evidentiary hearing. And then two district court orders, Kane versus Nagy and Hassan versus Shoup out of district. Those are both cases where the court allowed an evidentiary hearing to go forward, both on cause and prejudice under Martinez and on lack of diligence or lack of fault or diligence to develop the record where pro se petitioners did all the work and they were working against their post conviction counsel. Again, that's not the record here. Would we have to determine to pursue the route that you're arguing for on behalf of your client? Would we have to determine that it was procedural bar and not a determination on the merits in state court? I don't believe that the court has to. We did file a motion to strike that was denied but I think the court can also affirm the district court's finding and look at the diligence finding and affirm on both grounds or either ground and remand for the evidentiary hearing. If the court has no further questions, thank you, your honors, and we ask that you affirm. Would you address her position that if there's these alternative grounds, you still have to go back and do the procedural bar? Your honor, actually not because we think that if there is an alternative merits ruling, as the district court said, that also in it by itself bars an evidentiary hearing under Shin. And this is specifically because Shin said, you cannot have a Martinez hearing if whatever evidence you develop at the Martinez hearing cannot be used to grant you habeas relief. And here, because there was a merits determination as the district court recognized, you still have to review the state court record to find whether that determination was unreasonable under 2254D. That is simply the conclusion from the Brown v. Davenport case applied here. That is also again in Shin, where again, they said you cannot have a Martinez hearing, an evidentiary hearing in federal court if that whatever you develop there will not grant you habeas relief. And that is simply not possible here because whatever evidence you develop outside of the state court record cannot be used to determine whether the state court merits adjudication was unreasonable. So that on that point, then the other thing I would just reiterate, counsel failure to develop the record, which is very flagrant here, is held against Mothershead. That is simply the holding of Shin and of Williams. Then again, reiterating prima facie case is not some abstract procedural rule under the Cook and the Rice decisions. It requires a merits determination. That was also what the Supreme Court did. Then furthermore, there is no equitable exception to 2254E2. This is what the district court crafted here by saying, oh, we just focus on the unique facts of this case and therefore we don't have to consider counsel's failure. So again, under principles of comity and agency law, counsel's failure to develop held against Ms. Mothershead, no evidentiary hearing possible. Thank you very much. Thank you. Thank both counsel for your arguments. Also, as you know, it's a very complicated area, made more complicated by each successive Supreme Court decision and us trying to interweave that with the statute and D and E, et cetera. So your briefing is well laid out. Obviously, both counsel are very familiar with this area and we really appreciate that. The case just argued of Mothershead versus Wofford is submitted. Thank you very much.
judges: HAWKINS, GRABER, McKEOWN